UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
GERALDINE MELNICK and LONNIE SCHWIMMER,

                Plaintiffs,

-against-

CARY PRESS,

                Defendant.
---------------------------------------------------------------------X

**NOTICE OF MOTION**

Index No. 06-CV-6686

(Bianco, U.S.D.J.)
(Lindsay, M.J.)

SIRS:

      **PLEASE TAKE NOTICE**, that upon the attached Affidavit of David I. Rosenberg, Esq., sworn to June 5, 2007 and the Memorandum of Law submitted herewith, defendant's counsel will move this Court, Bianco U.S.D.J., in Room 920, United States District Court, 100 Federal Plaza, Central Islip, New York, on the 21st day of June, 2007, at 9:30 a.m. or such other time and place as may be scheduled by the Court, for an Order pursuant to Rule 1.4 of the Local Rules of the United States District Court for the Eastern District of New York, granting Rosenberg & Fortuna, LLP's application to be relieved as the attorney of record for the defendant.

Dated: Garden City, New York
       June 7, 2007

                                            ROSENBERG & FORTUNA, LLP

                      By: _____
                            DAVID I. ROSENBERG (DR5735)
                            Attorneys for **Defendant**
                            666 Old Country Road, Suite 810
                            Garden City, New York 11530
                            (516) 228-6666

TO:    **WAGNER DAVIS, P.C.**
          Attorney for **Plaintiffs**
          99 Madison Avenue
          New York, New York 10016
          (212) 481-9600

**CARY PRESS**
**Defendant**
15 Ohio Avenue
Long Beach, New York 11561

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GERALDINE MELNICK and LONNIE SCHWIMMER,

                Plaintiffs,

      -against-

CARY PRESS,

                Defendant.
------------------------------------------------------------------X

**AFFIDAVIT**

Index No. 06-CV-6686

(Bianco, U.S.D.J.)
(Lindsay, M.J.)

**STATE OF NEW YORK**  )
                       : SS.:
**COUNTY OF NASSAU**  )

      **DAVID I. ROSENBERG**, being duly sworn, deposes and says as follows:

      1.     I am a member of Rosenberg & Fortuna, LLP, attorney for defendant Cary Press, and as such, am fully familiar with the facts and prior proceedings of this matter. I declare under penalty of perjury that the foregoing is true and correct.

      2.     I respectfully submit this Affidavit in support of my application to have Rosenberg & Fortuna, LLP relieved as the attorney of record for the defendant pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Eastern District of New York.

      3.     For the reasons set forth herein, your affiant's motion should be granted in its entirety.

## BACKGROUND

      4.     In or about January, 2007, defendant Cary Press ("**Press**") retained the services of Rosenberg & Fortuna, LLP to represent him in the within action. On or about February 1, 2007, your affiant's associate, Ross H. Schmierer, Esq. electronically filed and entered an appearance as counsel in this case for Press on behalf of Rosenberg & Fortuna, LLP ("**Firm**").

## NATURE OF THE WITHIN ACTION

5. Briefly, the within action involves the rights and obligations of the plaintiff Geraldine Melnick ("**Melnick**"), plaintiff Lonnie Schwimmer ("**Schwimmer**") and Press in three separate parcels of property in New York and one parcel in Florida as well as certain allegations of conversion.

6. For approximately the past twenty (20) years, Melnick and Press were involved in a romantic relationship, but did not marry. At certain times during such period, one or more of the properties were in the names of one or more of the parties hereto.

7. In or about August 2006, Press and Melnick separated.

8. On or about December 19, 2006, Melnick and Schwimmer commenced the within action seeking:

   a. Partition of the property at 15 Ohio Avenue, Long Beach, New York ("**15 Ohio Property**");

   b. Partition of the property located in Del Ray Beach, Florida("**Del Ray Beach Property**");

   c. Imposition of a constructive trust for the property located at 16 Nevada Street, Long Beach, New York ("**16 Nevada Property**");

   d. Partition of the Nevada Street Property;

   e. An accounting for all of the Properties; and

   f. Damages for an alleged conversion of proceeds of insurance policies and financing placed upon the aforementioned properties.

9. On or about February 15, 2007, your affiant's Firm interposed an Answer

2


generally denying the allegations and asserting several affirmative defenses as well as counterclaims against the plaintiffs in this matter.

## POSTURE OF THE CASE

10. On or about March 7, 2007, counsel for both parties appeared for a pre-motion conference before Judge Bianco.

11. On or about March 21, 2007, Judge Bianco issued an order referring the case to mediation.

12. Thereafter, your affiant's Firm and plaintiffs' counsel agreed upon mediator, William Ackerman and submitted his name as well as the date of the first mediation session to the ADR administrator.

13. From approximately the end of March, 2007 to May 1, 2007, your affiant's Firm as well as plaintiffs' counsel spoke several times in an effort to reach an amicable settlement without the need for mediation and, therefore, adjourned the mediation several times ("**Negotiation Period**") on consent of both parties and the mediator.

14. Thereafter, plaintiffs' counsel made an application for a conference before United States Magistrate Judge Lindsay ("**MJ**") due to: (i) the breakdown in settlement negotiations; (ii) plaintiff's discovery of Press' loss of confidence in your affiant's Firm; and (iii) the postponement of the mediation.

15. On or about May 31, 2007, the MJ issued a proposed scheduling order setting out the discovery schedule for the within action. In addition, the MJ ordered an initial conference to be held in this case on July 18, 2007 in the United States Federal Courthouse in Central Islip, New York.

## **REASONS FOR WITHDRAWAL**

16. At a certain time during the Negotiation Period, your affiant's firm was advised that Press had been communicating directly with Melnick.

17. On or about April 13, 2007, plaintiffs' counsel called our office and indicated that Press directly communicated an offer to settle the within action to Melnick. Although we were told the parties agreed in principal, there were many issues that needed to be addressed. In addition, we were unaware of any such conversation and needed to confirm with Press that he indeed made such an offer.

18. On or about April 18, 2007, we received written confirmation from Press giving us authority to settle the within action for a certain monetary amount as well as a conveyance by defendant to Melnick of title to an automobile.

19. In addition, Press gave us a written acknowledgment of his future responsibility for expenses of the properties if the settlement as discussed was fully implemented.

20. Thereupon, the Firm engaged in multiple telephone discussions with plaintiffs' counsel to flesh out the terms of the settlement.

21. On or about April 24, 2007, your affiant sent a letter to plaintiffs' counsel memorializing the terms of the settlement offer discussed. This correspondence consisted of over three (3) pages single spaced detailing all of the intricate real estate and tax aspects of the settlement. It was expressly subject to our client's review and acceptance.

22. On or about April 25, 2007, Press wrote to your affiant by e-mail vehemently complaining about the sum and substance of the agreement sent to Melnick's attorneys. Pursuant to the substance of this response, it was apparent that Press had lost total faith in your affiant's Firm to further represent him in this matter.

4

23. On or about April 30, 2007, your affiant's Firm wrote to Press responding to his e-mail correspondence as well as his request to pick up our attorney work product ("**Letter**").

24. Later that day, we were informed by plaintiffs' counsel that Press actually sent the Letter to Melnick and she thereafter forwarded said Letter to her attorneys. Therefore, inasmuch as Press has waived the attorney-client privilege as to said Letter, a copy of the Letter is annexed hereto as **Exhibit "A"**.

25. On or about May 1, 2007, your affiant met with Press in a good faith effort to address his concerns regarding the settlement proposal. Unfortunately, we could not come to a resolution on the appropriate strategy going forward with the defense of this matter. At that meeting, it became even more apparent that Press no longer wished us to represent him in this matter, that your affiant and Press suffered from irreconcilable differences and that the professional relationship had been irreparably damaged.

26. Thereafter, we sent Press a letter requesting his acknowledgment of his desire not to have our Firm represent him in this matter. To date, however, we have not received a response to the same.

27. Upon request of the Court, we are prepared to submit *in camera* the exchange of e-mails between this firm and defendant which corroborate the foregoing.

28. We have advised plaintiffs' counsel of the within application and they have advised us that they have no objection to the relief sought herein.

29. In light of the foregoing and the evidence of Press' lack of trust and confidence in your affiant's Firm, we respectfully request to be relieved as attorneys of record for the defendant.

**WHEREFORE**, your affiant respectfully requests that this Court grant the within relief as well as such other and further relief that may be just and proper.

_____
DAVID I. ROSENBERG

Sworn to before me this
7th day of June, 2007.

_____
Notary Public

ROSS SCHMIERER
Notary Public, State of New York
No. 02SC6162495
Qualified in Nassau County
Commission Expires March 12, 2011

**EXHIBIT "A"**

# Ross Schmierer

| | |
|---|---|
| **From:** | Ross Schmierer |
| **Sent:** | Monday, April 30, 2007 3:49 PM |
| **To:** | 'Carybox@aol.com' |
| **Cc:** | David I. Rosenberg |
| **Subject:** | RE: Melnick v. Press |

**Tracking:**

| Recipient | Delivery | Read |
|---|---|---|
| 'Carybox@aol.com' | | |
| David I. Rosenberg | Delivered: 4/30/2007 3:49 PM | Read: 4/30/2007 5:11 PM |

Dear Mr. Press:

We are in receipt of your emails and your request to pick up our attorney work product. Today is not a good day to come to our office to do the same. However, please feel free to come to our office tomorrow morning at 11 a.m.

At this point, your emails as well as your suggestion that our settlement proposal was "clearly the work of a 3rd grader" suggest that you have lost confidence in our firm and that you no longer wish us to represent you in this matter. Therefore, we will prepare a final bill for you when you pick up the contents of our file tomorrow morning. Before we can relinquish any part of our file (other than your original documents, if any), you must pay all sums due and owing to our firm. Thereafter, please bring a check for the payment of these services. The current balance is $9,885.01.

If you wish, we will contact Ms. Melnick's attorneys and adjourn the mediation. Although you may wish to "rewrite a deal" with Ms. Melnick, we strongly suggest that you retain counsel who are fully familiar with the intricacies of New York and Florida real estate and tax law. We regret that we were unable to resolve this matter with Ms. Melnick on your behalf and we wish the best of luck in the future.

Ross H. Schmierer, Esq.
Rosenberg & Fortuna, LLP
666 Old Country Rd.
Garden City, New York 11530
Ph: (516) 228-6666
Fax: (516) 228-6672

ross@rosenbergfortuna.com

THE INFORMATION AND DOCUMENTS CONTAINED IN OR ANNEXED TO THIS E-MAIL MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION AND ARE INTENDED ONLY FOR THE ADDRESSEE(S). IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CALL US IMMEDIATELY AT 516-228-6666 TO ADVISE US, RETURN THE E-MAIL TO US IMMEDIATELY AND DESTROY ALL COPIES OF THIS MESSAGE AND ANY ATTACHMENTS. WE THANK YOU FOR THE COURTESY OF COMPLYING WITH THE FOREGOING.

-----Original Message-----
From: Carybox@aol.com [mailto:Carybox@aol.com]
Sent: Monday, April 30, 2007 11:25 AM
To: Ross Schmierer
Subject: Re: Melnick v. Press

**What time will those papers be ready to pick up?**
**Cary Press**

6/6/2007

See what's free at AOL.com.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                              ) ss.:
COUNTY OF NASSAU     )

I, **KATHRYN WILL**, being duly sworn, depose and say that I am not a party to this action, I am over 18 years of age and I reside at Plainview, New York.

On this 7th day of June, 2007, I served the within **Notice of Motion** upon:

**WAGNER DAVIS, P.C.**
Attorney for **Plaintiffs**
99 Madison Avenue
New York, New York 10016

**CARY PRESS**
Defendant
15 Ohio Avenue
Long Beach, New York 11561

the address designated by said attorney(s) for that purpose, by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
KATHRYN WILL

Sworn to before me this
7th day of June, 2007.

_____
Notary Public

Diane M. Gentile
Notary Public, State of New York
No. 4957320
Qualified in Nassau County
Commission Expires October 16, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GERALDINE MELNICK and LONNIE SCHWIMMER,

                        Plaintiffs,

        -against-

CARY PRESS,

                        Defendant.
-----------------------------------------------------------------------X

Index No. 06-CV-6686

(Bianco, U.S.D.J.)
(Lindsay, M.J.)


## MEMORANDUM OF LAW


**ROSENBERG & FORTUNA, LLP**
**Attorneys for Defendant**
**666 Old Country Road, Suite 810**
**Garden City, New York 11530**
**(516) 228-6666**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
GERALDINE MELNICK and LONNIE SCHWIMMER,

                        Plaintiffs,

    -against-

CARY PRESS,

                        Defendant.
------------------------------------------------------------X

Index No. 06-CV-6686

(Bianco, U.S.D.J.)
(Lindsay, M.J.)

## PRELIMINARY STATEMENT

Rosenberg & Fortuna, LLP, attorneys of record for defendant Cary Press, respectfully submits this Memorandum of Law in support its application to have Rosenberg & Fortuna, LLP ("**Firm**") be relieved as the attorney of record for the defendant pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Eastern District of New York.

## FACTS

The facts of the issue presented are set forth in the Affidavit of David I. Rosenberg, sworn to the 7th day of June, 2007 ("**Affidavit**").

## DISCUSSION

Rule 1.4 of the Local Rules of the United States District Courts for the Eastern District of New York provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from the case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

In the Affidavit, the facts detailing and explaining the course of events leading to the breakdown in the professional relationship between defendant Press and the Firm are set forth. Defendant Press has demonstrated his lack of confidence in the Firm to defend him further in this matter.

In addition, other than the pleadings, the parties have not engaged in any discovery in the within action. Indeed, the parties have not yet served the Rule 26 automatic disclosures. Therefore, our withdrawal from this case shall not materially delay the proceedings in any manner nor prejudice either party. Furthermore, plaintiffs' counsel has not objected to our application for this relief and has indicated that they will not file any papers in opposition to the same. A proposed scheduling order and initial conference was recently scheduled by Magistrate Judge Lindsay for July 18, 2007.

In light of the foregoing and the clear evidence of defendant Press' lack of trust and confidence in the Firm, we respectfully request to have the firm be relieved as attorneys of record for the defendant pursuant to Local Rule 1.4 Local Rules of the United States District Courts for the Eastern District of New York.

Dated: Garden City, New York
       June 7, 2007

Respectfully submitted,

ROSENBERG & FORTUNA, LLP

By: _____
DAVID I. ROSENBERG (DR5735)
Attorneys for **Defendant**
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

I, **KATHRYN WILL**, being duly sworn, depose and say that I am not a party to this action,

I am over 18 years of age and I reside at Plainview, New York.

On this 7th day of June, 2007, I served the within **Memorandum of Law** upon:

>   **WAGNER DAVIS, P.C.**
>   Attorney for **Plaintiffs**
>   99 Madison Avenue
>   New York, New York 10016
>
>   **CARY PRESS**
>   Defendant
>   15 Ohio Avenue
>   Long Beach, New York 11561

the address designated by said attorney(s) for that purpose, by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
KATHRYN WILL

Sworn to before me this
7th day of June, 2007.

_____
Notary Public

Diane M. Gentile
Notary Public, State of New York
No. 4957320
Qualified in Nassau County
Commission Expires October 16, 2009