# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

N° 06-CV-6686 (JFB) (ARL)

GERALDINE MELNICK AND LONNIE SCHWIMMER

Plaintiffs,

VERSUS

CARY PRESS,

Defendant.

MEMORANDUM and ORDER
September 21, 2007

JOSEPH F. BIANCO, District Judge:

On December 20, 2006, Geraldine Melnick ("Melnick") and Lonnie Schwimmer ("Schwimmer")(collectively, "plaintiffs"), filed a complaint against defendant Cary Press ("Press"), seeking the partition of two pieces of property, 15 Ohio Avenue, Long Beach, New York (the "15 Ohio Avenue Property") and 914 Foxpointe Circle, Delray Beach, Florida (the "Delray Beach Property"), owned by Melnick and Press. Plaintiffs further request a constructive trust be placed on, and the partition of, a third piece of property, 16 Nevada Avenue, Long Beach, New York (the "Nevada Avenue Property"), which is held solely in the name of Press.

On February 16, 2007, defendant answered and asserted seven counterclaims.

On August 16, 2007, plaintiffs submitted a motion asking this Court to appoint a temporary receiver to lease, manage and collect rent from tenants for the three aforementioned properties. Plaintiffs further moved to dismiss defendant's monetary counterclaims. For the reasons that follow, plaintiffs' motion to appoint a temporary receiver is denied and plaintiffs' motion to dismiss the monetary counterclaims is granted in part and denied in part.

I. Background

According to the complaint, Melnick and Press have cohabited and lived in a quasi-marital relationship since 1982. (Compl. ¶ 10.) In August of 2006, Melnick and Press ended their relationship and Melnick vacated the 15 Ohio Avenue Property in which they cohabited. (*Id.* at ¶ 26.) Plaintiffs seek the partition of two pieces of property: (1) the 15 Ohio Avenue Property, held by Melnick and

Press as joint tenants with right of survivorship; and (2) the Delray Beach Property, held by Melnick and Press as tenants in common. Plaintiffs further request the imposition of a constructive trust on, and partition of the Nevada Avenue Property, held solely in the name of Press.

With respect to the instant motions, plaintiffs move for the appointment of a temporary receiver to lease and manage the 15 Ohio Avenue and Delray Beach Properties. Plaintiffs further move for the appointment of a receiver to manage and collect rent on the Nevada Avenue Property. Additionally, plaintiffs move to dismiss the counterclaims of defendant on the grounds that counterclaims for contribution are subsumed within the accounting process incidental to any partition and, therefore, are not proper counterclaims. Plaintiffs further assert that defendant's first four counterclaims are time-barred.

## II. Discussion

### A. Plaintiffs's Motion for the Appointment of a Temporary Receiver

"The appointment of a receiver in the first instance is to be considered 'an extraordinary remedy' and ... should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." *Citibank, N.A. v. Nyland (CF8), Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988) (quoting *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252, 260 (2d Cir. 1963)); *see also Fed'l Home Loan Mortgage Corp. v. Spark Tarrytown, Inc.*, 813 F. Supp. 234 (S.D.N.Y. 1993). Plaintiffs are required to make a clear showing that the appointment is necessary to prevent irreparable injury. *See, e.g., Spira v. Nick*, 876 F. Supp. 533 (S.D.N.Y. 1995). "Factors courts consider in determining appropriateness of appointment of receiver includes fraudulent conduct on part of defendant, imminent danger that property will be lost or squandered, inadequacy of available legal remedies, probability that harm to plaintiff by denial of appointment would be greater than injury to parties opposing appointment, plaintiff's probable success in action and possibility of irreparable injury to his interests in property and whether interests of plaintiff and others sought to be protected will in fact be served by receivership." *New York v. Fin. Servs. Network*, 930 F. Supp. 865, 872 (W.D.N.Y. 1996).

Plaintiffs' motion for a receiver is denied. Plaintiffs have failed to establish that there is an imminent danger that the properties or additional assets will be lost or squandered if a temporary receiver is not appointed, nor have they established that the defendant is engaged in fraudulent activity. The Court also is unable to determine plaintiffs' probability of success based on the submissions because defendant has submitted an affidavit disputing the key allegations made by plaintiffs. Moreover, it is unclear whether the interests sought to be protected will, in fact, be served by a receiver. For example, with regard to the Delray Beach Property and the 15 Ohio Avenue Property, plaintiffs request that a receiver be appointed with the responsibility of leasing and managing two properties which are not currently rented. Although it may be appropriate in certain circumstances to appoint a receiver to collect rent if the properties are currently leased, plaintiffs' request in this case that the receiver act as leasing agent is problematic. Depending on how the underlying factual and legal disputes

are resolved, such a receivership could obstruct the proper resolution of the case by encumbering the property with tenants and complicating potential remedies that may result from this litigation. Similarly, with respect to the Nevada Avenue Property (which is solely in defendant Press's name), defendant Press has stated that he intends to bring the taxes up to date and make the mortgage payments. (Press Affidavit, at ¶¶ 33-34.) Given that representation to the Court, it does not appear that a temporary receiver is needed at this juncture with respect to that property to prevent any irreparable harm to plaintiffs in connection with any rights or interests they have in that property. Moreover, although plaintiffs want a receiver to collect rents from defendant Press for his exclusive use of the Delray Beach Property and the upstairs floors of the 15 Ohio Avenue Property, the issue of whether or not such rents are appropriate is inextricably intertwined with the underlying factual and legal disputes in the case. Thus, at this early juncture in the litigation, it is unclear whether or not Press in fact owes such rents. In short, the Court is unwilling to have a temporary receiver appointed to carry out the financial acts sought by plaintiffs, when the necessity of such acts is contingent upon resolution of the underlying factual and legal disputes that are at the heart of the lawsuit.

Plaintiffs' brief fails to cite any case law which supports the appointment of a receiver under these circumstances. In both *Citibank v. Nyland (CF8), Ltd*, 839 F.2d 93, 97 (2d Cir. 1988) and *Federal Home Loan Mortgage Corp. v. Tsinos*, 854 F. Supp. 113, 115 (E.D.N.Y. 1994), cited in plaintiffs' brief, the mortgage agreements specifically provided for the appointment of a receiver. Plaintiffs have failed to point to any contractual provision that contemplates the appointment of a receiver with regard to these three properties or any other proper basis for the appointment of a receiver in this case. In short, after a careful review of the parties' submissions, the Court concludes that the drastic remedy of a receiver is unwarranted under the circumstances of this case.

### B. Plaintiffs' Motion to Dismiss Defendant's Monetary Counterclaims

Plaintiffs contend that defendant's counterclaims 1-6 related to "maintenance" expenses for the 15 Ohio Avenue Property, 17 Ohio Avenue Property, and Delray Beach Property should be dismissed as a matter of law on the ground that any such accounting is incidental to the partition. Plaintiffs further contend that defendant's counterclaims 1-4 are barred by the statute of limitations. Defendant has failed to address either argument by plaintiffs as to the dismissal of his counterclaims.

### 1. Motion to Dismiss Standard

In reviewing a motion to dismiss, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 488 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "Once a claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (May 21, 2007). The Court, therefore does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

2. Discussion

In his counterclaims, defendant has asserted that Melnick owes one-half of the amounts of maintenance expenses with regard to the 15 Ohio Avenue Property, the 17 Ohio Avenue Property, and the Delray Beach Property.

The 15 Ohio Avenue Property and the Delray Beach Property are part of plaintiffs' partition action. Thus, counterclaims for maintenance offsets as to these properties "[do] no raise any triable issue[s] but merely involve[] an accounting which is a necessary incident of almost every partition action and is had as a matter of right before the entry of either interlocutory [or] final judgement." *Steinberg v. Singer*, 5 Misc.2d 278, 163 N.Y.S.2d 774, 776 (Sup. Ct. Special Term, Kings Co. 1957); *see also NY. Real Prop. Law* § 945 (2007)("The court may adjust the rights of a party by reason of the receipt by the latter of more than his proper proportion of the rents or profits of a share."); *Goldberg v. Goldberg*, 173 A.D.2d 679, 570 N.Y.S.2d 333 (2d Dep't. 1991)("If the defendant paid more than his fair share of the upkeep expenses, mortgage payments, or taxes, the defendant's remedy is to seek an allowance or credit against the plaintiff in the partition suit."); *Zaveloff v. Zaveloff*, 37 N.Y.S.2d 46, 1942 NY Misc. Lexis 1961 (Sup. Ct. Special Term, Kings Co. 1942). In other words, any request by defendants for an offset of maintenance costs in connection with plaintiffs' partition action are not properly raised as separate counterclaims because, to the extent such offsets are warranted, they are incidental as a matter of right to any partition of the property. Thus, defendant's remedy would be to seek an allowance or credit against any amount due to plaintiffs after partition and sale of the property, rather than seeking a separate money judgment against plaintiffs individually. Accordingly, plaintiffs' motion to dismiss the counterclaims seeking such offsets as to the 15 Ohio Avenue Property and the Delray Beach Property – namely, counterclaims 1, 2, 5 and 6 – is granted.

Counterclaims 3 and 4, however, relate to the alleged "maintenance" expenses resulting from the prior joint tenancy of the 17 Ohio Avenue Property, which plaintiff is not claiming is subject to partition. Because the 17 Ohio Avenue Property is not subject to partition in this action and thus cannot be subsumed within the accounting process incidental to partition, counterclaims 3 and 4 cannot be dismissed.

Plaintiffs, however, have further moved to dismiss counterclaims 1 through 4 on the grounds that these counterclaims are time-barred. Because the Court has already dismissed counterclaims 1 and 2 on other grounds, the Court need only determine whether counterclaims 3 and 4 are time-barred. Under New York Civil Practice Law and Rules § 213, any claims by defendants regarding maintenance payments in connection with the 17 Ohio Avenue Property would be subject to a statute of limitations of 6 years. Thus, to the extent that the joint tenancy of the 17 Ohio Avenue Property occured before December 20, 2000, any claims of contribution as to maintenance

4

expenses on this property would be time-barred. However, counterclaims 3 and 4 seek recovery of such expenses from 1996 *until* plaintiff Melnick conveyed her interest in that property. Although part of such claim is time-barred, it is unclear from the pleadings when such interest was conveyed. Thus, the Court cannot conclude that this claim is entirely time-barred. *See, e.g., Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003) ("When presented with a 12(b)(6) motion, the district court may not consider matters outside the pleadings without converting the motion into a motion for summary judgment."); *see also AIG Global Sec. Lending Corp. V. Banc of Am. Sec., LLC*, No. 01 Civ. 11448 (JGK), 2005 WL 2385854, at *15 (S.D.N.Y. Sept. 26, 2005) (denying motion to dismiss claim as time-barred where defendant relied on documents outside the pleadings). Accordingly, counterclaims 3 and 4 cannot be dismissed in their entirety at this juncture.[1]

III. Conclusion

For the foregoing reasons, a plaintiff's motion for the appointment of a temporary receiver is DENIED and plaintiff's motion to dismiss defendant's counterclaims is GRANTED as to counterclaims 1, 2, 5 and 6, and DENIED as to counterclaims 3, 4, and 7.

SO ORDERED

/s/ Joseph F. Bianco
JOSEPH F. BIANCO
United States District Judge

Dated: September 21, 2007
Central Islip, NY

\*\*\*

The attorneys for plaintiff are Steven R. Wagner, Esq. and Gerard Schiano-Strain, Esq. of Wagner Davis P.C., 99 Madison Avenue, 11th Floor, New York, New York, 10016. The attorneys for defendant are Ross Howard Schmierer, Esq. of Rosenberg & Fortuna, LLP, 666 Old Country Road, Suite 810, Garden City, New York, 11530 and David H. Perlman, Esq., 186 Montague Street, 4th Floor, Brooklyn, New York, 11201.

---

[1] Counterclaim 7 seeks recovery for the alleged conversion of certain household property in or about 2006 by plaintiffs Melnick and Schwimmer that was allegedly owned by defendant Press and maintained in the Delray Beach Property. To the extent plaintiffs are also seeking to dismiss this counterclaim, they have failed to provide a proper basis for dismissal of this claim at this time.