GERALDINE MELNICK
2025 LAVERS CIRCLE D510
DELRAY BEACH, FL 33444
561-279-7287

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 09 2009 ★
LONG ISLAND OFFICE

February 2, 2009

Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    Melnick and Schwimmer v. Press 06 CV 6686(JFB)(ARL):
             <u>Dispute of Requested Lien Amount for Wagner Davis, P.C.</u>

Dear Judge Bianco:

      I am the plaintiff in the above-referenced action, and I am writing this as per your letter of January 15, 2009, to inform you of the reasons that Wagner Davis, P.C. should not be entitled to a lien in the amount of $41,763.91. As per your request, the following is not a line item dispute of each entry on the Wagner Davis invoices, but a general statement of the reasons for my dispute, and the basis for my position that the most Wagner Davis should be entitled to is $20,000.

      From the outset, it should be noted that despite the fact that I specifically asked the attorneys at Wagner Davis to provide a break-down of time spent on each item for which they were billing, that request was only complied with once on July 22, 2008, so it is totally impossible for me to tell exactly how much time was spent on each item that was billed, especially when you read on regarding my Florida property. Also, the bills were sent oftentimes more than three months apart, making it difficult to argue the bill.

      Nevertheless, I <u>specifically</u> told Steven Wagner and his associate Mikelle Komor <u>not</u> to deal with or put any time towards working on the foreclosure of the Delray Beach, Florida property. I advised the attorneys that considering the fact that the Delray Beach property is worth less than what is owed on the mortgage. I would rather spend my money on the NY property. They did not win on a motion to appoint a receiver (which cost me well over $10,000), therefore they should not continue to work on and bill me for anything having to do with the foreclosure proceeding. Instead of complying with my request, beginning in November 2007, attorneys at Wagner Davis continually billed me at least 10 hours worth of associate time in making phone calls, sending e-mails, and discussing the status of the foreclosure proceeding, despite my clear instructions to NOT do any work on that matter. At $325 per hour for Ms. Komor, that is $3,250 that should automatically be deducted from the amount claimed by Wagner Davis.

Even more troublesome, is the fact that the Wagner Davis invoices indicate that I was billed approximately 22.7 hours for the preparation of a <u>single</u> deposition outline. At $325 per hour, this deposition outline cost me $7,377.50. I strongly believe that the amount of time spent to prepare for a single deposition on a case as non-complex as this, should not have taken more than one full day, or 8 hours of work. The billing for the deposition outline/preparation is on invoice number 31916, dated August 21, 2008. Also noticeable on that invoice is the fact that Ms. Komor billed me for having a "conference" with Steven Wagner, then billed me again for having the same conference with Bonnie Reid Berkow at a different time during the day. In short, I'm getting billed for the associate to have two separate conversations about the same thing with two separate partners. Such a billing practice cannot and should not be tolerated.

While I understand that associates at law firms perform much of the "leg work" on cases, I have been billed what appears to be another 5 hours, or $1,625, for the associate to inform Steven Wagner of the status of my matter or simply relay the content of a telephone conversation to Mr. Wagner. While I am willing to accept the billing for the initial phone call, the additional 6 minutes plus that I am getting billed to relay the conversation onto Mr, Wagner is simply unnecessary.

Additionally, while I have no problem paying for two attorneys to discuss case strategy, I should not get billed for the associate to simply tell Steve Wagner the basic status of the case. In fact, in reviewing the bills, it appears that every time the associate listened to a voice mail, I was billed, not only for the time spent for listening to the voice mail, but for relaying the voicemail to Mr. Wagner. Examples of such billing are prevalent throughout the Wagner Davis bills beginning in November 2007. While I understand that this is time spent on my case, listening and forwarding a voicemail does not always take 6-12 minutes as the Wagner Davis bills seem to indicate. On one occasion (June 3, 2008), I was actually billed 6 minutes for the associate to listen to a voice mail that I left, and for the associate's return call where she left a very short voicemail asking me to return her call. I will swear under oath that I never left a message that was longer than 2 minutes, so I don't see how or why I should be getting billed for 6 minutes worth of work where, at most, 2 minutes of work were actually performed. I am not trying to be petty, but give an indication of the unjust billing that is evident here.

Furthermore, it is my understanding that whenever anything gets filed by either party in this case, or the Court makes a decision, an e-mail is automatically sent to all of the attorneys informing them of the activity. In fact, I have seen the e-mails the attorneys receive from the court because some of them were forwarded to me when the case was first commenced. Despite this process, I have been billed for what appears to be a total of 2 hours of associate time spent to "review the court docket" to see if anything was filed. Two of the many examples of this type of billing are on June 13 and 16, 2008. If the court automatically sends an e-mail when something is filed, why should the attorney

In addition to the above, I have been billed for conversations the associate has had with her secretary about my case. I have NEVER seen this before in any other bill from any other attorney who has performed services for me.

Another matter that I dispute is the approximately $800 in fees that relate to the filing of a motion for sanctions against the defendants. I was advised by the attorneys at Wagner Davis that the motion was worth making to have Mr. Press sanctioned by the Court. As it turned out, the motion cost me $800, and the motion was unsuccessful, despite there being <u>no</u> <u>opposition</u>!

My son, Lonnie Schwimmer, offered Steve Wagner $20,000 to settle the bill, but Mr. Wagner wanted $30,000 in one lump some. Neither myself (as all of my money is in the equity in the properties at issue), nor Lonnie can afford to give Wagner Davis $30,000, especially in light of the fact that this case has been going on for over 2 years. We've already given Wagner Davis over $50,000, and have yet to see ANYTHING in terms of results come from Wagner Davis' handling of the case, except they lost two motions (one unopposed) that cost me over $10,000. In fact, when questioning Ms. Komor regarding evidence that Cary Press sent the firm and I was charged for four days to go through the papers, she had no REAL answers for me.

In its most recent invoice, Wagner Davis is attempting to charge me for a conversation the associate had with the billing person at Wagner Davis for them to determine the balance of my bill. That instance of inappropriate billing was done on December 18, 2008. Even more bothersome is that I have also been billed for the motion Wagner Davis made to withdraw as counsel, despite the fact that we made a substantial offer that Lonnie and myself felt was a fair sum to resolve the outstanding invoice.

In conclusion, the most Wagner Davis should have a lien for is $20,000. Many of the billings were either not authorized, excessive, or completely inappropriate.

I thank you for giving me the opportunity to voice my position on this issue.

Very truly yours,

Geraldine Melnick