UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
GERALDINE MELNICK AND LONNIE :
SCHWIMMER, :
:
                Plaintiffs, :     ORDER
:     06-CV-6686 (JFB) (ARL)
     -against- :
:
CARY PRESS, :
:
                Defendant. :
:
---------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

A. Background

On October 30, 2009, plaintiffs filed a motion for summary judgment in this action. On December 28, 2009, defendant filed opposition to plaintiffs' motion for summary judgment, and also filed a motion to dismiss plaintiffs' claim for imposition of a constructive trust on the property at 16 Nevada Avenue. On January 18, 2010, plaintiffs submitted the reply papers on their motion for summary judgment, and also submitted their opposition to defendant's motion to dismiss the constructive trust claim. Defendant submitted his reply papers on the motion to dismiss on February 1, 2010. On April 14, 2010, the Court issued its ruling from the bench, denying plaintiffs' motion for summary judgment and denying defendant's motion to dismiss.

By motion dated April 28, 2010, defendant filed a motion for reconsideration of the Court's April 14, 2010 ruling denying defendant's motion to dismiss the constructive trust claim. Specifically, defendant argued that defendant Press was not unjustly enriched when he acquired the property at 16 Nevada Avenue, and that plaintiffs' claims for the imposition of a constructive trust

are not equitable and are unenforceable as a matter of law because the conditions sought to be imposed by plaintiffs constitute a restraint on alienation and are void. On May 27, 2010, plaintiffs filed their opposition to defendant's motion for reconsideration. Defendant submitted a reply on June 4, 2010. The Court held a conference on June 10, 2010, at which the Court denied defendant's motion for reconsideration on the record. The case was set for trial to begin on September 20, 2010.

On July 20, 2010, defendant filed a letter with the Court expressing his intention to file a motion for partial summary judgment on the constructive trust issue. A briefing schedule was set down, and on July 29, 2010, defendant filed a motion for partial summary judgment. Plaintiffs filed their opposition on August 30, 2010, and defendant filed a reply on September 7, 2010. This matter is fully submitted.

On September 20, 2010, the Court orally denied the defendant's motion, but stated that this written opinion would follow. For the reasons set forth on the record, in the Court's prior rulings, and below, the defendant's motion is denied.

B. Legal Standard

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am.*

*v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 20004).

Once the moving party has met its burden, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (emphasis in original)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)).

C. Discussion

For a third time, now in the context of a motion for summary judgment, defendant argues that the Court must dismiss plaintiffs' claim for a constructive trust on the property at 16 Nevada Avenue. For a third time, the Court rejects this argument. Defendant's motion for summary judgment presents no new arguments than those presented in his motion to dismiss and his motion for reconsideration. Accordingly, the Court relies upon the reasoning stated on the record in its rulings on April 14, 2010 and July 22, 2010, but nonetheless proceeds to the merits of defendant's arguments.

Defendant insists that *DePeyster v. Michael*, 6 N.Y. 467, 1852 WL 5446 (N.Y. 1852) is controlling on its claim. *DePeyster* held that "where an estate in fee simple is granted, a condition that the grantee shall not alien the land is void." *Id.* at *18. Defendant argues that because defendant held a fee simple in 16 Nevada Avenue, to require him to transfer 50% of the ownership to Melnick is an unreasonable restraint on alienation and thus, is void. Defendant is incorrect.

*DePeyster* was a straightforward Court of Appeals case regarding restraints on alienation. *DePeyster* did not include a transfer made based upon a confidential relationship, nor a claim for the imposition of a constructive trust. Thus, as a threshold matter, *DePeyster* does not control the adjudication of the instant claim.

All of the cases cited by defendant involve *written instruments* that convey a fee simple and purport to restrict the subsequent transfer of land. The cases cited by defendant do *not* involve claims of an oral promise based upon a confidential relationship warranting the imposition of a constructive trust. By its very nature, a claim for constructive trust does not involve a written instrument evidencing a plaintiff's claim to ownership of the property. Accordingly, the Court has distinguished these cases on the ground that they revolve purely around the validity of restrictions on land transferred by deed or by devise, without claims or contentions of an oral agreement warranting declaration of a plaintiff's ownership of a property.

The case of *Ubriaco v. Martino*, 828 N.Y.S.2d 490 (App. Div. 2007) is precisely on point and is instructive. The case involved a claim to impose a constructive trust on the proceeds of the sale of certain real property formerly owned by the parties' father. *Id.* at 491. All owners of the property conveyed the property in *fee simple* solely to the defendant. *Id.* The plaintiff alleged that this conveyance *in fee simple* was made purely for the convenience of the father, who was otherwise unable to obtain financing needed for renovations, *with the understanding and agreement* that the plaintiff would retain his interest in the property as a remainderman. *Id.* The defendant thereafter conveyed the property to a third party upon the father's death without recognizing the plaintiff's interest. *Id.* The defendant denied that such an understanding and agreement was ever reached. *Id.* The Appellate Division, Second Department, held as follows:

> Here, the defendant argues that the proffer of the deed dated September 12, 2000, conveying the property solely to her [in fee simple], established her *prima facie* entitlement to judgment

as a matter of law, and that the plaintiff may not rely on parol evidence to the contrary to rebut her showing. However, the statute of frauds is not a defense to a properly pleaded cause of action to impose a constructive trust on real property, and the plaintiff's allegations of an oral understanding, as set forth in his affidavit, were sufficient to raise a triable issue of fact. Thus, summary judgment was properly denied.

*Id.* at 492. Similarly, here, there exists a triable issue of fact regarding whether defendant Press ever made an oral agreement with plaintiffs regarding ownership of the property. Accordingly, summary judgment must be denied. The Court also finds *Outland v Crayton*, No. 7552/09, 2010 NY Slip Op 32245U (Sup. Ct. Aug. 12, 2010) instructive. In that case, the plaintiff alleged that the defendant agreed to hold a certain property in his name in trust for the plaintiff, pending improvement of her financial position, and she agreed to pay all carrying charges of the premises, including the mortgage payments, and expenses related to the property, including utilities. *Id.* at *1-2. Plaintiff further alleged that defendant also agreed that he would reconvey the property back to her at a later date. *Id.* The court rejected the defendant's motion to dismiss based upon documentary evidence of ownership that was submitted by the defendant because, the court noted, this documentary evidence did not "utterly refute the plaintiff's factual allegations [of the existence of a constructive trust]." *Id.* at *4-5; *see also Sekelsky v. Sekelsky*, 816 N.Y.S.2d 701, 701 (Sup. Ct. 2005) (analyzing credibility of parties' testimony at a bench trial to determine whether imposition of a constructive trust was warranted even after "plaintiff transferred all right, title and interest in his home . . . to the defendant [and] title was conveyed in fee simple," and finding that imposition of a constructive trust was warranted).

A plaintiff is not required to have a present interest in a property to assert a claim for constructive trust. *Kasan v. Perlin*, 877 N.Y.S.2d 851, 856-57 (Sup. Ct. 2009) ("The Court has considered the defendants' argument that the plaintiff is required to have an interest in the property prior to the imposition of a constructive trust, but find[s] that this is not a prerequisite." (citing

*Henness v Hunt*, 708 N.Y.S.2d 180 (App. Div. 2000) (contribution of funds to property in reliance of promise to share is sufficient)). Thus, a constructive trust may be imposed on land transferred in fee simple.

As discussed at length in this Court's other opinions, plaintiffs have alleged—and offered evidence in support of—a constructive trust claim. Plaintiffs allege that defendant entered into a voluntary agreement with them, pursuant to the terms of which he would transfer property to Melnick to share 16 Nevada Avenue with him as 50% owner. The Court concludes that summary judgment on this claim is not warranted where, as here, the parties dispute whether there was a promise based on the confidential or fiduciary relation between the parties, and a transfer of 16 Nevada Avenue in reliance on that promise, that has unjustly enriched defendant Press. Here, plaintiff Melnick seeks to establish her own constructive ownership of the property. The New York courts have acknowledged that a claim for imposition of a constructive trust is based on an *unfulfilled promise to convey an interest in land*; thus, defendant cannot argue that once the property was transferred to Press, part of the property could not be transferred to Melnick. *See Scivoletti v. Marsalla*, 467 N.Y.S.2d 228, 230 (App. Div. 1983) ("A constructive trust will be imposed where property is parted with on the faith of an *oral or implied promise to reconvey* . . . ."); *Tompkins v. Jackson*, 866 N.Y.S.2d 96, 96 (Sup. Ct. 2008) (citing *McGrath v. Hilding*, 363 N.E.2d 328, 330 (N.Y. 1977)) ("[A] constructive trust will be impressed . . . when an *unfulfilled promise to convey an interest* in land induces another, in the context of a confidential or fiduciary relationship, to make a transfer resulting in unjust enrichment.").[1]

---

[1] To the extent that defendant raises arguments regarding standing to bring the instant claim for imposition of a constructive trust, defendant raised such argument for the first time in his reply brief, and the Court thus declines to consider it here. *See, e.g.*, *Diaz v. Paterson*, 547 F.3d 88, 94-95 (2d Cir. 2008); *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

None of the cases cited by defendant involve claims for the imposition of a constructive trust. Defendant cites to no case in which a claim for imposition of a constructive trust—the very claim brought by plaintiffs in the instant case—is denied as an unreasonable restraint on alienation. In *In re Jeromo's Will*, 166 N.Y.S.2d 959, 959-60 (Surrogate's Ct. 1957), the New York Surrogate's Court held that the devise of a testatrix's interest in a parcel of real property to her son "with the condition that he can dispose of the house only to his daughter, and to no one else" was an attempt of the testatrix to limit her son's power of alienation to a specific person, and was thus void as repugnant to the nature of the estate created. *Id.* at 959-60. The Court again stresses that this case did not involve a suit for the imposition of a constructive trust. It involved the validity of a provision in a will. There was no restrictive alienation clause in plaintiff Lonnie Schwimmer's deed of transfer to defendant Press and that is not the issue before the Court. Rather, the entire transfer was made based on Press's alleged promise to later share 50% ownership of the property with plaintiff Melnick—an alleged promise that, if made and broken, may warrant the imposition of a constructive trust. The whole purpose behind a constructive trust claim is for a party who lacks an interest in property to enforce an alleged promise, based upon a confidential or fiduciary relationship, upon which a plaintiff has relied and, to his detriment, unjustly enriched the defendant. Such is the basis of a constructive trust claim and such is the basis of plaintiffs' claim. Thus, for a third time, this Court rejects defendant's argument that the imposition of a constructive trust on 16 Nevada Avenue would be an "unreasonable restraint on alienation" and denies defendant's motion for partial summary judgment.

C. Motion for Sanctions

Plaintiffs seek to impose sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), against defendant and his counsel. Specifically, plaintiffs claim that

defendant filed a frivolous and improper motion for summary judgment, which was made in bad faith and for the sole purpose to harass, cause unnecessary delay, and/or needlessly increase the cost of litigation for plaintiffs, and which set forth frivolous arguments for extending, modifying, or reversing existing law or for the establishment of new law. For the reasons that follow, plaintiffs' motion for sanctions is denied.

Under Rule 11, to avoid the risk of sanctions, counsel must undertake reasonable inquiry to "ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) (internal quotation marks omitted) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). In considering a motion for sanctions under Rule 11, this Court applies an objective standard of reasonableness. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1257-58 (2d Cir. 1996). Moreover, "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks and citation omitted). Additionally, "when divining the point at which an argument turns from merely losing to losing and sanctionable, . . . courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal quotation marks omitted).

The Court has no reason to believe that defendant's motion was made in bad faith. Although defendant's motion for summary judgment reiterated the same claims contained in his motion for reconsideration of the Court's denial of his motion to dismiss, there is no basis to conclude that the motion papers were frivolous from a legal standpoint where, as indicated here, defendant believed that the Court had not addressed the new legal arguments raised in the motion for reconsideration. Finally, the fact that defendant's claims did not merit granting partial summary judgment in

defendant's favor does not warrant the imposition of sanctions in this case. *See, e.g.*, *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990) ("The positions advanced by [counsel] and his attorney, however faulty, were not so untenable as a matter of law as to necessitate sanction. Nor did they constitute the type of abuse of the adversary system that Rule 11 was designed to guard against."); *see also Nesmith v. Martin Marietta Aerospace*, 833 F.2d 1489, 1491 (11th Cir. 1987) (finding Rule 11 sanctions unwarranted, even when "[t]he evidence [plaintiff] presented not only failed to indicate discriminatory treatment, but instead revealed that [plaintiff] received several salary increases and promotions during his tenure. [Plaintiff] made no showing that other similarly situated members of the unprotected class were treated preferentially nor did he present evidence of retaliation. Under these circumstances, it is apparent that [plaintiff's] claim may be characterized as without foundation, but there is no evidence that he was in bad faith in bringing the claim, or that it was brought for any purpose other than to receive what he thought he was entitled to under the law."); *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 Civ. 1851 (NGG), 2007 WL 1026411, at *5 (E.D.N.Y. Mar. 30, 2007) ("The court agrees that [the defendant] has been imprudent in choosing to litigate this claim. However, Rule 11 sanctions are not appropriate where there is a viable claim that is weak."); *Eisenberg v. Yes Clothing Co.*, No. 90 Civ. 8280 (JFK), 1992 WL 36129, at *4 (S.D.N.Y. Feb. 19, 1992) ("Rule 11 sanctions are not to be imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak."). *See generally Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (warning against the use of "hindsight logic" that "because plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation").

In sum, there is insufficient basis to conclude that defendant or his counsel filed the moving papers in bad faith or that any other grounds for sanctions are present. Accordingly, plaintiffs'

motion for sanctions under Rule 11 is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: October 1, 2010
      Central Islip, New York